

# NUMBER 13-11-00164-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN THE INTEREST OF S.F., A CHILD

**On appeal from the County Court at Law No. 5
of Nueces County, Texas.**

## MEMORANDUM OPINION

**Before Justices Garza, Benavides, and Perkes
Memorandum Opinion by Justice Perkes**

Appellants, D.S., the father of S.F., and S.S., the mother of S.F., appeal a trial court order terminating their parental rights to their daughter, S.F. The case was tried to a jury, which determined that the mother: (1) knowingly allowed S.F. to remain in conditions or surroundings which endangered her physical or emotional well-being; (2) knowingly placed the child with persons who engaged in conduct which endangered her physical or emotional well-being; and (3) failed to comply with the provisions of a court order that specifically established the actions necessary for the mother to obtain the return of the child who had been in permanent or temporary managing conservatorship of the

Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child. *See* TEX. FAM. CODE ANN. § 161.001 (1) (D),(E),(O) (West Supp. 2011). The jury also determined that the father's parental rights should be terminated because he knowingly engaged in criminal conduct that resulted in his conviction of an offense, confinement or imprisonment, and inability to care for the child for not less than two years from the date of filing the petition. *See* TEX. FAM. CODE ANN. §161.001(1) (Q) (West Supp. 2011).

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California,* 386 U.S. 738, 744 (1967), the court-appointed attorneys for both appellants filed briefs and motions to withdraw with this Court, stating that their reviews of the record yielded no grounds of error upon which an appeal for either can be predicated. Counsels' briefs meet the requirements of *Anders* as they present a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman,* 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). The *Anders* procedures are applicable to an appeal from the termination of parental rights when an appointed attorney concludes that there are no non-frivolous issues to assert on appeal. *In re D.E.S.*, 135 S.W.3d 326, 329 (Tex. App.—Houston [14th Dist.] 2004, no pet.). Both attorneys have so concluded.

In compliance with *High v. State,* 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellants' attorneys carefully discussed why, under controlling authority, there are no reversible errors in the trial court's judgment. The attorneys informed this Court that they: (1) examined the record and found no arguable grounds to advance on appeal; (2) served copies of their briefs and motions to withdraw on appellants; and (3) informed appellants of their right to review the record and to file pro se responses. *See Anders,* 386 U.S. at 744; *Stafford,* 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. More than an adequate period of time has passed. Appellant D.S., the father, has not filed a pro se response. *See In re Schulman*, 252 S.W.3d at 409. Appellant S.S., the mother, filed a letter in response, stating that she is in prison and hopes to be reunited with her daughter upon her release. The mother notes that the process by which the department removed her child was a "nightmare." The mother stated that the child was supposed to be placed with her mother, but the judge who signed the order left the bench and his order was not forwarded to the new judge.

## II.  INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We reviewed the entire record, counsels' briefs, and the letter filed by the mother, and found nothing that would arguably support an appeal. *See Bledsoe v. State,* 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

3

There is no reversible error in the record. Accordingly, the judgment of the trial court is affirmed.

### III. MOTION TO WITHDRAW

In accordance with *Anders*, appellants' attorneys asked this Court for permission to withdraw as counsel for appellants. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsels' motions to withdraw. Within five days of the date of this Court's opinion, the attorneys are ordered to send a copy of this opinion and this Court's judgment to appellants and to advise them of their right to file a petition for discretionary review.[1] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

GREGORY T. PERKES
Justice

Delivered and filed the
7th day of March, 2013.

---

[1] No substitute counsel will be appointed. Should appellants wish to seek further review of this case by the Supreme Court of Texas, they must either retain attorneys to file a petition for review or file a pro se petition for review. Any petition for review must be filed within forty-five days after the date of either this opinion or the last ruling by this Court on all timely filed motions for rehearing or en banc reconsideration. TEX. R. APP. P. 53.7(a). Any petition for review must comply with the requirements of rule 53.2 of the Texas Rules of Appellate Procedure. *See id.* at R. 53.2.